IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUL 12 2024
ARTHUR JOHNSTON
BY_____ DEPUTY

YOLANDA KINCAID                                                                              PLAINTIFF

V.                                                                 CIVIL ACTION NO. 3:24cv406-HTW-LGI

ATMOS ENERGY CORPORATION;
AND JOHN DOES 1-10                                                                       DEFENDANTS

**PLAINTIFF'S ORIGINAL COMPLAINT**
**(TRIAL BY JURY REQUESTED)**

COMES NOW the plaintiff, YOLANDA KINCAID, (sometimes referenced as "Plaintiff" or "Kincaid") by and through undersigned counsel and pursuant to the laws of the State of Mississippi and the Federal Rules of Civil Procedure, and file this, her Complaint against Defendants, ATMOS ENERGY CORPORATION; and John Does 1-10 (sometimes collectively referenced as "Defendants"). In support thereof, Plaintiff would respectfully show unto this Honorable Court the following, to-wit:

**A. PARTIES**

1.      Plaintiff, Yolanda C. Kincaid is an adult resident citizen of Rankin County Mississippi who may be contacted by and through her undersigned attorney. The plaintiff resides at 2938 Pine Ridge Drive, Pearl, Mississippi 39208.

2.      Defendant, Atmos Energy Corporation (sometimes hereinafter referred to as "Atmos"), is a profit corporation organized under the laws of the State of Texas. This defendant is authorized to do business within this State according to the Secretary of State's Office. Defendant operates as the country's largest natural gas-only distributor with a current physical

1

address of 5430 LBJ Freeway, Suite 1800; Dallas, Texas 75240. Pursuant to Rule 4 of the Federal Rules of Civil Procedure, this Defendant may be served by serving its registered agent namely: CORPORATION SERVICE COMPANY, 109 Executive Drive, Suite 3; Madison, Mississippi 39110.

3.  Defendants, John Does 1-10 are other individuals, persons, businesses, corporate persons or entities who may be liable for all or part of the acts and/or omissions committed resulting in the subject incident which involved and resulted in the causes of action alleged by the Plaintiff herein from which the Plaintiff may seek recovery of damages. These defendants' identities are presently unknown at this time; however, they are believed to be employees of the Defendant, Atmos Energy Corporation.

## B. JURISDICTION

4.  Jurisdiction in this Court is proper pursuant to U.S.C. § 1331 inasmuch as this cause of action is founded on the existence of a question arising under the laws of the United States of America and specifically, violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, and *et seq*. Defendants were employers and/or agents thereof within the meaning of these acts. Plaintiff affirmatively alleges that this suit arises under the law that creates the cause of action, and that this suit is within the competence of this honorable court. This court has jurisdiction over both the parties and the subject matter of this suit.

## C. VENUE

5.  Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practices were committed in this district, the employment records relevant to the alleged unlawful employment practice are maintained and administered in this

district, and Plaintiff would have worked in this district but for the alleged unlawful employment practice.

### D. EQUAL EMPLOYMENT OPPORTUNITIES COMMISION COMPLAINT FILED

6. Plaintiff timely filed a charge of discrimination against defendant with the Equal Opportunity Commission (EEOC). In an effort to protect and secure some of the statutes of limitations applicable to certain civil rights and remedies which the Plaintiff would have, Plaintiff perfects this instant lawsuit. A copy of the EEOC Notice of Suit Rights is attached hereto and incorporated by reference as "Exhibit A."

### E. TITLE VII: RACE, GENDER AND SEX DISCRIMINATION

7. Plaintiff asserts, incorporates and adopts all of the foregoing Paragraphs 1-6 as if fully set forth herein.

8. Plaintiff, Yolanda Kincaid is a black (African American), gay, female employee that is protected under Title VII. Kincaid began employment with Atmos Energy Corporation on or about July 2019 as a construction operator.

9. Defendant, Atmos is an employee within the meaning of Title VII.

10. On or about June 12, 2023, Kincaid was confronted by H.R. representative, Laura Vandevender and her Department Manager concerning false allegations made against Kincaid by a white male subordinate. Upon information and belief, without the requisite three (3) written reprimands, on or about June 14, 2023, Kincaid was terminated.

11. To this end, during Kincaid's tenure at Atmos, Kincaid asserts that she was discriminated against and treated differently because she was a black, gay, female working in a heterosexual white male dominated field. Kincaid asserts that she was the only black female employee in her position.

12. Kincaid instead asserts that she was discharged from Atmos due to at least two (2) white male subordinate employees disliking her. For instance, prior to Kincaid's discharge, Kincaid began training one white male employee named Trent Parrish. Kincaid quickly began detecting pushback from Trent Parrish. Kincaid asserts that this pushback came because Kincaid was a black, gay female employee. This subordinate white, male employee then made false allegations against Kincaid and Atmos treated her differently from her straight, male counterparts by firing her without the requisite reprimands and/or a proper investigation / due process.

13. Defendants collectively created an environment which encouraged and fostered a hostile work environment for Kincaid due to her being a black, gay female. For example, during another incident, H.R. representative Laura informed Kincaid that her only purpose was to provide water for the guys on the crew. Such conduct was ongoing, open, and notorious. Simply put, racial, sex and gender discrimination is deeply embedded at Atmos. It is open, active, and unashamed. This harassment, abuse and discrimination are encouraged by Defendants' refusal to stop the misbehavior.

14. Black, gay female employees at Atmos were subjected to a stricter level of scrutiny than similarly situated white male co-workers. Kincaid asserts that she was unfairly reprimanded and terminated for unproven, false incident(s).

15. Moreover, upon information and belief, Defendants had actual knowledge that its employees had previously engaged in other racial discrimination acts against other employees of Atmos.

16. Although Atmos may have a written anti-discrimination policy, Defendants' administration personnel did not take reasonable care to prevent this type of behavior from

reoccurring. Defendants failed to correct and eliminate the employment environment and/or to penalize the offending employees.

17. Defendants' conduct toward Plaintiff constitutes race, gender and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (Title VII).

18. Defendants' violation of Title VII has proximately caused Plaintiff to suffer damages.

19. Defendants' violation of title VII was intentional and willful.

20. Defendants' violation of Title VII was done with malice or reckless indifference to Plaintiff's federally protected rights.

### F. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (AS TO ALL DEFENDANTS)

21. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

22. The conduct on the date whereby Plaintiff was falsely accused and fired from her job was intentional in nature.

23. Accordingly, following this intentional discrimination and adverse employment action, upon information and belief, Defendants collectively made willful, intentional and malicious statements, both direct and implied to former co-workers and other members of the community that Plaintiff acted unreasonably on the alleged incident and that Plaintiff was somehow either incompetent, unfair or both, for the sole purpose of maliciously damaging Plaintiff's reputation and inflicting emotional distress upon Plaintiff. As a direct and proximate result of the aforesaid actions, Plaintiff has suffered irreparable damage to her character and

reputation, and has suffered emotional pain and suffering along with mental distress, all of which has directly resulted in physical illness, pain, suffering and medical expenses.

24. To this end, Defendants are liable to Plaintiff for all damages sustained as a consequence of their willful, intentional and malicious actions. Defendants' actions amount to negligence and reckless disregard for the consequences of their actions with regards to the Plaintiff, and Defendants are therefore liable to Plaintiff for damages sustained by her.

25. As a direct and proximate result of Defendants' acts alleged herein, Plaintiff continues to suffer severe and irreparable injuries.

26. The above act(s) and/or omission(s) constitute intentional infliction of emotional distress under Mississippi law and were each a proximate cause of the injuries and damages sustained by Plaintiff.

### G. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (AS TO ALL DEFENDANTS)

27. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

28. The act(s) and/or omission(s) of these Defendants on the dates and times in question caused Plaintiff severe emotional distress through Defendants' negligent conduct.

29. The negligent conduct perpetrated upon Kincaid was awful, traumatic, and disturbing, which caused Plaintiff to suffer serious emotional anguish.

30. At all relevant times, Kincaid, was in the zone of danger as a result of the act(s) and/or omission(s) of Defendants.

31. The act(s) and/or omission(s) of the aforementioned Defendants constitute a negligent infliction of emotional distress as defined under Mississippi law, and were each a

proximate cause of the injuries of Plaintiff as well as the damages and losses sustained by Plaintiff.

## H. GROSS NEGLIGENCE

32. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

33. When viewed objectively, Defendants' act(s) and/or omission(s) involved an extreme degree of risk and constituted willful, wanton and reckless conduct under these circumstances. To this end, Defendants' act(s) and/or omission(s) constitute gross negligence.

34. The act(s) and/or omission(s) of Defendants constitute gross negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of Defendants resulted in Plaintiff's losses and damages.

35. Again, the actions of Defendants, when viewed objectively involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendants had actual, subjective awareness of the risk, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Plaintiff herein, and as such constitutes gross negligence (malice) as the term is defined under the law.

36. The actions of Defendants, when viewed objectively involved an extreme and reckless indifference toward Plaintiff in that Defendants did not protect nor show concerns for the health, safety and welfare of Plaintiff.

37. The above acts constitute gross negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of Defendants resulted in Plaintiff's damages.

## I. TORT OF OUTRAGE

38. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

39. The aforementioned conduct committed and continuing to be committed by Defendants is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency. Moreover, said conduct is to be regarded as atrocious and utterly intolerable in a civilized community. Additionally, all defendants are either liable individually or liable under the theory of *respondeat superior*, and are vicariously liable to Plaintiff for the tort of outrage.

40. As a direct and proximate result of the Defendants' outrageous conduct, Plaintiff suffered and continues to suffer serious damages and injuries. The Plaintiff is entitled to an award of compensatory and punitive or exemplary damages against the Defendants in an amount to be established at trial.

## J. DAMAGES

41. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

42. As a direct and proximate result of the conduct of all Defendants, Plaintiff suffered the following injuries and damages:

    a. Plaintiff is entitled to compensation for loss of pay from the date of her termination.

    b. Plaintiff is entitled to compensation for expenses incurred in seeking other employments.

    c.    Plaintiff suffered mental anguish and emotional distress resulting in numerous injuries.

43. Further, as a direct and proximate result of the act(s) and/or omission(s) of this Defendants, Plaintiff seeks the recovery of any and all kinds of general, compensatory, economic, expectation, statutory, incidental, consequential, lost profits, past medicals, present medicals, future medicals, pharmacy expenses, and any other type of damages incurred as a result of this incident.

## K. ATTORNEYS' FEES

44. Plaintiff is entitled to an award of attorneys' fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

## L. PRAYER OF RELIEF

45. For these above-mentioned reasons, Plaintiff asks for judgment against all Defendants for the following:

    a. All kinds of economic and non-economic damages, including back pay, lost wages, benefits, costs and expenses;

    b. Cost of medical treatments; pharmacy and related expenses;

    c. Reinstatement to her position of employment;

    d. Actual compensatory, incidental and consequential damages for all injuries complained of herein, including but not limited to past, present and future emotional pain and suffering, mental distress and related medical bills;

    e. Punitive damages against Defendants in an amount sufficient to punish said Defendants for their egregious conduct and to deter Defendants and others similarly situated from engaging in such conduct in the future;

  f. Reasonable attorneys' fees;

  g. Costs of suit;

  h. Pre-judgment interest at the maximum legal rate for all damages suffered;

  i. Post-judgment interest at the maximum legal rate for all damage suffered; and

  j. For such other and further relief, at law or in equity, to which Plaintiff may show herself justly entitled.

## M. RIGHT TO AMEND PURSUANT TO FED. R. CIV. P. 15

46. Plaintiff specifically reserves the right to amend this complaint pursuant to the Federal Rules of Civil Procedures and to name additional defendants should later facts establish that others are liable herein.

## N. JURY TRIAL DEMANDED

47. Plaintiff demands a jury trial.

  This the 12th day of July, 2024.

Respectfully submitted,

**YOLANDA C. KINCAID**

By: _/s/ Warren L. Martin_
Warren L. Martin, Jr., Esq.

*Attorney for Plaintiff*

**Of Counsel:**
Warren L. Martin, Jr., MSB # 101528
Robert E. Thompson, II, MSB #105731
**WARREN L. MARTIN, JR., PA**
351 Edgewood Terrace Dr.
Jackson, MS 39206
Post Office Box 1870
Jackson, Mississippi 39215
Phone: (769) 257-6052
Fax: (769) 257-6596
Email: attywarrenmatin@gmail.com